JOSEPHINE LINKER HART, Justice, concurring. After Johnson pleaded guilty, the jury heard testimony related to sentencing. The State presented witness testimony that after the collision, Johnson exited the truck, removed from the truck his dog and a pack of cigarettes, sat down on some steps in front of a business thirty feet away, and never asked about the passengers in the other vehicle. Johnson in turn presented witness testimony to support his argument for a lighter sentence. During closing argument, defense counsel stated, “It was an accident.... And he’s owned that. He pled guilty to it.” The State, in its closing argument, remarked, “And what remorse have you heard for what was done? What remorse have you heard anybody express?” Johnson argues that the State’s remark was an improper 17comment on Johnson’s failure to testify.[1] Precedent from the United States Supreme Court clearly establishes that the prosecution cannot comment on a defendant’s exercise of his constitutional privilege not to testify because such commentary acts as “a penalty imposed by the courts for exercising a constitutional privilege. It cuts down on the privilege by making its assertion costly.” Griffin v. California, 380 U.S. 609, 614, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). It is also well established that this principle applies in sentencing proceedings. Mitchell v. United States, 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999); see Estelle v. Smith, 451 U.S. 454, 462-63, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). In this case, the State referred to the absence of an expression of remorse from “anybody.” Numerous cases from multiple jurisdictions have pondered whether a prosecutor’s argument that there was no expression of remorse is a reference to a defendant’s failure to testify. While the majority relies on Howard v. State, 348 Ark. 471, 79 S.W.3d 273 (2002) to support its conclusion that the State’s remark was not improper, the case is distinguishable because there the State specifically referred to the failure of “the Defendant’s witnesses” to testify about remorse. Thus, the case does not squarely answer whether the State’s more general remark in this case, asking what “remorse have you heard anybody express,” was an improper comment on Johnson’s failure to testify. More compelling is other precedent from this court and persuasive authority from the 1 «United States Eighth Circuit Court of Appeals. Based on these cases, the State’s remark in this case was not improper because the remark may be naturally understood as an observation about Johnson’s conduct after the collision, as a response to defense counsel’s argument that it was an accident and that Johnson had “owned” it, and as reference to the failure of Johnson’s witnesses to testify that Johnson had shown remorse. See Jones v. State, 340 Ark. 390, 401-03, 10 S.W.3d 449, 455-56 (2000) (holding that State’s remarks during closing argument that the defendant did not show remorse was proper in view of evidence describing the defendant’s conduct and statements after the murder and defense counsel’s claim in closing argument that the defendant’s murder of his wife was done in the heat of passion and that defendant loved his wife); Edwards v. Roper, 688 F.3d 449, 459-60 (8th Cir.2012) (stating that the prosecutor’s comment that the defendant had not “expressed” remorse to “anyone” was more naturally understood as a reference to the defendant’s evidence at the penalty phase, where no witness testified that the defendant had expressed remorse). Accordingly, I concur. BAKER, J., joins in this concurrence. . Johnson does not argue that the State used, for impeachment purposes, his silence at the time of arrest and after receiving Miranda warnings. See Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).